**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE WILLIAM MONTGOMERY, JR.** )<br>**ID # 1699766,** )<br>    Petitioner, )<br>vs. )<br>  )<br>**RICK THALER, Director,** )<br>**Texas Department of Criminal** )<br>**Justice, Correctional Institutions Division,** )<br>    Respondent. ) | No. 3:13-CV-1335-O  (BH)<br><br>Referred to U.S. Magistrate Judge |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to follow orders of the court.

**I.  BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* that were received in the Fort Worth Division of this district on March 29, 2013. (*See* docs. 1, 2.)  The petition was transferred to the Dallas Division on April 1, 2013.  (*See* doc. 5.) On April 2, 2013, the Court issued a notice of deficiency and order notifying the petitioner that he had not submitted a certificate of inmate trust account (CTA), and that it could not determine his claims from his petition because it was not legible.  (*See* doc. 8.)  The petitioner was ordered to file a CTA and a typewritten or legible petition within 30 days, and he was warned that failure to do so could result in a formal recommendation that the case be dismissed.  *Id.*

The petitioner submitted a new motion for leave to proceed *in forma pauperis* (but no CTA) and a brief that were received on April 29, 2013. (*See* docs. 9, 10.)  On April 30, 2013, the Court

issued a second notice of deficiency and order notifying the petitioner that he had still not submitted the required CTA, and that his petition was still not legible. (*See* doc. 11.) It again ordered the petitioner to file a CTA and a typewritten or legible petition within 20 days, and again warned him that failure to do so could result in a formal recommendation that the case be dismissed. *Id.* The petitioner's CTA was later received on April 30, 2013, and he was granted leave to proceed *in forma pauperis* on May 3, 2013. (*See* docs. 12, 13.) On June 10, 2013, the Court entered findings, conclusions and recommendation recommending that petitioner's habeas petition be dismissed for failure to follow orders of the court. (*See* doc. 18.) Since those findings, the Court has received two more illegible pleadings from the petitioner. (*See* docs. 19, 20.)

The petitioner has submitted numerous handwritten filings, including amended petitions. (*See* docs. 12, 14-17, 19-20.)[1] Although some words can be discerned, the filings are illegible, and the Court is unable to determine the claims raised by petitioner and/or the basis for those claims. (*See id.*) Despite two orders directing the petitioner to submit a petition that is either typewritten or written in legible handwriting so that the Court may determine his claims and the basis for his claims, and findings recommending dismissal for failure to follow these orders, he has still not submitted a legible petition.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*

---

[1] A filing received on May 20, 2013, had to be returned to the petitioner by the Clerk's Office because its condition was unsuitable for filing. It also sent him new forms along with the original filing.

*v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Despite two separate notices that his filings are illegible and that the Court cannot determine his claims and/or the basis for those claims, and orders for the submission of legible documents, the petitioner has continued to submit illegible documents that do not clearly set forth his claims and/or the basis for those claims.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the petitioner submits a legible petition within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 19th day of June, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE